## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 17-32361-BMC<br>Chapter 13 |
| JAMES HILLARY CAIN | |
| Debtor | |
| | |
| RICKEY JACKSON | Case No. 17-32767-WRS<br>Chapter 7 |
| Debtor | |
| | |
| CHANDRA DENISE CLARK | Case No. 17-32873-WRS<br>Chapter 7 |
| Debtor | |
| | |
| CLAYTON ANDERSON COBB JR.<br>SHIRLEY TERRY COBB | Case No. 17-32876-WRS<br>Chapter 7 |
| Debtors | |
| | |
| JEANNINE D. LITTLE | Case No. 18-80001-WRS<br>Chapter 13 |
| Debtor | |

## MEMORANDUM DECISION

The following matters came before the Court for hearing on July 24, 2018: (1) *In re Mari Morrison*, Misc. Proceeding 17-00303, Bankruptcy Administrator's Motion to Examine Debtor's Transactions with Attorney Mari Morrison, Doc. 1, Bankruptcy Administrator's Motion to Consolidate Doc. 33, and Mari Morrison's Objection to Motion to Consolidate, Doc. 38; (2) *In re James Hillery Cain*, Case No. 17-32361, Motion to Examine Debtor's Transactions with Attorney and Motion to Consolidate, Doc. 93, and Upright Law's Objection, Doc. 98; (3) *In re Rickey Jackson*, Case No. 17-32767, Motion to Examine Debtor's Transactions with Attorney and Motion to Consolidate, Doc. 40, and Upright Law's Objection, Doc. 42; (4) *In re Chandra*

*Denise Clark*, Case No. 17-32873, Motion to Examine Debtor's Transactions with Attorney and Motion to Consolidate, Doc. 34, and Upright Law's Objection, Doc. 36; (5) *In re Clayton and Shirley Cobbs*, Case No. 17-32876, Motion to Examine Debtor's Transactions with Attorney and Motion to Consolidate, Doc. 55, and Upright Law's Objection, Doc. 58; (6) *In re Jeannine D. Little*, Case No. 18-80001, Motion to Examine Debtor's Transactions with Attorney and Motion to Consolidate, Doc. 47, and Upright Law's Objection, Doc. 50; (7) *In re Teresa R. Jacobs v. Law Solutions Chicago, LLC, et. al.*, Adv. Pro. 18-03046, Complaint for Declaratory Relief, Disgorgement of Fees, Civil Penalties, Sanctions and Injunctive Relief (Doc. 1) and Upright Law's Motion to Dismiss (Doc. 9, 10). Bankruptcy Administrator Teresa R. Jacobs and Charles A. Armgardt, counsel for the responding parties, were present.

## I. FACTS

Bankruptcy Administrator Teresa Jacobs alleges improprieties in the attorney-client relationship between Law Solutions Chicago, LLC, d/b/a Upright Law, LLC ("Upright Law"), a Chicago based law firm that does business largely through the internet, the Alabama lawyers who represent Upright Law's clients in this Court, and the Debtors. Jacobs alleges that non-Alabama lawyers are practicing law in cases filed before this Court. She further alleges that the Alabama lawyers who appear in those cases, who claim to be partners in Upright Law, are not true partners and that unlawful fee splitting is being concealed. In addition, allegations that Debtors are not being properly represented are made.

The Court is aware of a recent decision handed down by Judge Robinson in the Northern District of Alabama, where Upright Law was sanctioned $150,000, attorney fees were disgorged,

2

and Upright Law was suspended from the practice of law in the Northern District for a period of 18 months. *In re White*, Case No. 17-40093, *et. al.*, 2018 WL 1902491 (N.D. Ala. April 18, 2018) (appeal pending). In addition, Upright Law was recently sanctioned by a Bankruptcy Court in Louisiana, for a host of competence related issues. *In re Banks*, No. 17-10456, 2018 WL 735351 (W.D. La. Feb. 2, 2018) (imposing monetary sanctions, suspending lawyer from practicing law, disgorging fees and various other kinds of relief); *see also*, *Robbins v. Delafield (In re Williams)*, No. 15-71767, 2018 WL 832894 (W.D. Va. Feb. 12, 2018) (imposing sanctions in the amount of $250,000).

## II.  LAW

### A.  Jurisdiction

This Court has jurisdiction to hear these matters. 28 U.S.C. § 1334. These are core proceedings. 28 U.S.C. § 157(b)(2)(A). This is not a final order.

### B.  Nature of These Proceedings

These consolidated matters are before the Court on approximately a dozen different motions. This is an exercise in the Court's supervisory powers over the lawyers who practice before it. This Court, as any court, has the inherent authority to supervise lawyers who practice law in this Court. This will be discussed in Part II(C), *infra*. In addition, as this is a bankruptcy court, it has additional responsibilities as set out in the Bankruptcy Code and the Bankruptcy Rules. Moreover, the Bankruptcy Code and related Rules impose additional obligations on lawyers who practice in bankruptcy courts. This will be discussed in Part II(D), *infra*.

Three different types of matters are at issue here. First, a Miscellaneous Proceeding may be used by the Court in any number of situations that do not fit neatly in any other available procedural device. It is most commonly used in this Court for ethical complaints against a lawyer that involve multiple bankruptcy cases. Second, a Contested Matter is governed by Rule 9014 and is filed in the context of an existing bankruptcy case. For example, a Motion to Examine Attorney's Fees, filed in the context of a bankruptcy case, several of which are at issue here, is such a proceeding. Third, Adversary Proceedings are governed by Bankruptcy Rule 7001, *et. seq.* Generally speaking, Adversary Proceedings are free standing law suits that, procedurally speaking, are independent from the related bankruptcy case.[1]

Much of what was argued at the July 24 hearing centered on Upright Law's argument that there is no independent cause of action for the violation of an ethical rule. While that is possibly true, that does not mean that this Court cannot supervise the activities of lawyers in this Court, nor does it exempt lawyers from the Alabama Rules of Professional Conduct.[2] Notwithstanding the fact that the Bankruptcy Administrator brought proceedings here in the form of an Adversary Proceeding, the Court views this is a proceeding to examine the fees and business practices of Upright Law and the various lawyers involved. In addition, the Court has jurisdiction to review the Rule 2016(b) statements filed by lawyers in this Court.

---

[1] While an Adversary Proceeding travels on a track separate from the underlying bankruptcy case, for a bankruptcy court to have jurisdiction, the Adversary Proceeding must at least "relate to" the bankruptcy case. 28 U.S.C. § 1334(b).

[2] The Bar of this Court consists of all of the members of the bar of the United States District Court for the Middle District of Alabama. Local Bankruptcy Rule 1001-2; and Local Rule 83.1 of the United States District Court for the Middle District of Alabama. These rules make applicable the Alabama Rules of Professional Conduct.

4

It may well be that the Bankruptcy Administrator's "complaint/motion" should proceed

by way of a Miscellaneous Proceeding. This can be discussed at the March 12, 2019 Status

Hearing—held after the Bankruptcy Administrator concludes the investigation ordered by this

Court. Upright Law, and the Alabama lawyers Mari Morrison, Grady Cardin, and Cody Foote

are put on notice that their activities *vis a vis* the Upright Law clients will be examined.

Depending upon the result of the examination, Upright Law and the named lawyers may be

subject to discipline, including sanctions up to and including disbarment from the bar of this

Court. At this stage of the proceedings, the Court is ordering an investigation. No action will be

taken against any of the lawyers without notice of specific charges and a hearing.


### C. Inherent Authority

The bankruptcy courts have broad inherent authority to supervise the practice of law

before them and to supervise the debtor-attorney relationship. *Glatter v. Mroz (In re Mroz)*, 65

F.3d 1567, 1575 (11th Cir. 1995) (holding that bankruptcy court's imposition of sanctions was a

proper use of its inherent power to control proceedings); *Parker v. Jacobs*, 485 Fed. Appx. 989

(11th Cir. 2012) (affirming the bankruptcy court's disbarment of a lawyer for actions taken while

representing debtors); *Turner v. Burnworth (In re Carrier)*, 363 B.R. 247 (Bankr. M.D. Fla.

2006) (imposing sanctions on non-attorney bankruptcy petition preparers). This Court views

these consolidated proceedings as an exercise in its inherent authority to supervise the practice of

law before it. Serious allegations of misconduct on the part of Upright Law and its so-called

"partners" have been made. That Upright Law has recently been sanctioned in other bankruptcy

courts for conduct similar to that alleged by the Bankruptcy Administrator here heightens this

Court's concerns.  This Court intends to examine the attorney-client relationship between

Upright Law and its clients and between Upright Law and the Alabama lawyers who appear in

this Court on behalf of Upright Law.


**C. Statutory Authority**

In addition to this Court's inherent authority to regulate attorney's and their fees, the

Bankruptcy Code and Bankruptcy Rules provide additional authority and guidance.

11 U.S.C. § 329 provides as follows:

> (a) Any attorney representing a debtor in a case under this title, or
> in connection with such a case, whether or not such attorney
> applies for compensation under this title, shall file with the court a
> statement of the compensation paid or agreed to be paid, if such
> payment or agreement was made after one year before the date of
> the filing of the petition, for services rendered or to be rendered in
> contemplation of or in connection with the case by such attorney,
> and the source of such compensation.
>
> (b) If such compensation exceeds the reasonable value of any such
> services, the court may cancel any such agreement, or order the
> return of any such payment, to the extent excessive, to--
>
>   (1) the estate, if the property transferred--
>        (A) would have been property of the estate; or
>        (B) was to be paid by or on behalf of the debtor under a
>        plan under chapter 11, 12, or 13 of this title; or
>
>   (2) the entity that made such payment.

In addition, Bankruptcy Rule 2016(b) provides as follows:

> Every attorney for a debtor, whether or not the attorney applies for
> compensation, shall file and transmit to the United States trustee
> within 14 days after the order for relief, or at another time as the
> court may direct, the statement required by § 329 of the Code
> including whether the attorney has shared or agreed to share the

6

compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required. A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed.

Section 329 and Rule 2016(b) provide the bankruptcy court authority to examine the attorney-client relationship. Moreover, § 329 and Rule 2016(b) imposes obligations to make disclosures that attorneys in nonbankruptcy cases generally do not have to make. The Bankruptcy Administrator is of the view that Upright Law is improperly taking advantage of the exception in Rule 2016(b) concerning members or regular associates of a law firm. If lawyers are members of a firm, only one disclosure need be made. That is, the Bankruptcy Courts do not generally concern themselves with the division of fees within a law firm. On the other hand, if two lawyers are not members of the same firm, each must make his own disclosure. Fee splitting between lawyers who are not members of the same firm is not inherently improper; however, disclosure obligations are imposed. On the other hand, fee splitting that is not disclosed is a violation of the Bankruptcy Rules.

In 2005 the Bankruptcy Code was amended to impose additional obligations on "debt relief agencies." 11 U.S.C. § 526 provides as follows:

(a) A debt relief agency shall not–

(1) fail to perform any service that such agency informed an assisted person or prospective assisted person it would provide in connection with a case or proceeding under this title;

(2) make any statement, or counsel or advise any assisted person or prospective assisted person to make a statement in a document

7

filed in a case or proceeding under this title, that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading;

   (3) misrepresent to any assisted person or prospective assisted person, directly or indirectly, affirmatively or by material omission, with respect to–

      (A) the services that such agency will provide to such person; or

      (B) the benefits and risks that may result if such person becomes a debtor in a case under this title; or

   (4) advise an assisted person or prospective assisted person to incur more debt in contemplation of such person filing a case under this title or to pay an attorney or bankruptcy petition preparer a fee or charge for services performed as part of preparing for or representing a debtor in a case under this title.

(b) Any waiver by any assisted person of any protection or right provided under this section shall not be enforceable against the debtor by any Federal or State court or any other person, but may be enforced against a debt relief agency.

(c)(1) Any contract for bankruptcy assistance between a debt relief agency and an assisted person that does not comply with the material requirements of this section, section 527, or section 528 shall be void and may not be enforced by any Federal or State court or by any other person, other than such assisted person.

   (2) Any debt relief agency shall be liable to an assisted person in the amount of any fees or charges in connection with providing bankruptcy assistance to such person that such debt relief agency has received, for actual damages, and for reasonable attorneys' fees and costs if such agency is found, after notice and a hearing, to have--

      (A) intentionally or negligently failed to comply with any provision of this section, section 527, or section 528 with respect to a case or proceeding under this title for such assisted person;

8

(B) provided bankruptcy assistance to an assisted person in a case or proceeding under this title that is dismissed or converted to a case under another chapter of this title because of such agency's intentional or negligent failure to file any required document including those specified in section 521; or

(C) intentionally or negligently disregarded the material requirements of this title or the Federal Rules of Bankruptcy Procedure applicable to such agency.

(3) In addition to such other remedies as are provided under State law, whenever the chief law enforcement officer of a State, or an official or agency designated by a State, has reason to believe that any person has violated or is violating this section, the State--

(A) may bring an action to enjoin such violation;

(B) may bring an action on behalf of its residents to recover the actual damages of assisted persons arising from such violation, including any liability under paragraph (2); and

(C) in the case of any successful action under subparagraph (A) or (B), shall be awarded the costs of the action and reasonable attorneys' fees as determined by the court.

(4) The district courts of the United States for districts located in the State shall have concurrent jurisdiction of any action under subparagraph (A) or (B) of paragraph (3).

(5) Notwithstanding any other provision of Federal law and in addition to any other remedy provided under Federal or State law, if the court, on its own motion or on the motion of the United States trustee or the debtor, finds that a person intentionally violated this section, or engaged in a clear and consistent pattern or practice of violating this section, the court may--

(A) enjoin the violation of such section; or

(B) impose an appropriate civil penalty against such person.

(d) No provision of this section, section 527, or section 528 shall--

(1) annul, alter, affect, or exempt any person subject to such

sections from complying with any law of any State except to the
extent that such law is inconsistent with those sections, and then only
to the extent of the inconsistency; or

(2) be deemed to limit or curtail the authority or ability--

(A) of a State or subdivision or instrumentality thereof, to
determine and enforce qualifications for the practice of law under
the laws of that State; or

(B) of a Federal court to determine and enforce the
qualifications for the practice of law before that court.

The Court is of the view that it is well within its authority to examine the fees charged by

Upright Law. *See*, *In re Whitcomb*, 479 B.R. 133 (Bankr. M.D. Fla. 2012); *In re Waldo*, 417

B.R. 854 (Bankr. E.D. Tenn. 2009) (sanctioning lawyer for a host of misconduct, including filing

a false Rule 2016(b) statement); *In re Kowalski*, 402 B.R. 843 (Bankr. N.D. Ill. 2009) (finding

that Rule 2016(b) statement was inaccurate and imposing sanctions); *In re Jackson*, 402 B.R. 333

(Bankr. N.D. Ill. 2009) (to same effect). Moreover, where serious allegations of attorney

misconduct are made, the Court may call for an investigation and take action—subject to the

rights of attorneys affected to notice and a hearing.

### III. CONCLUSION

The Bankruptcy Administrator has alleged that Upright Law has violated its obligations

under the Bankruptcy Code, the Bankruptcy Rules, and the Alabama Code of Professional

Responsibility. The Court will, by way of a separate order, deny Upright Law's Motion to

Dismiss, grant the Bankruptcy Administrator's Motion to Consolidate and establish a schedule

10

for the resolution of this matter. The Court will order the Bankruptcy Administrator to conduct

an investigation and it will order Upright Law and the various lawyers to cooperate in that

investigation.

Done this 13th day of August, 2018.


_William R. Sawyer_

United States Bankruptcy Judge




c: Teresa R. Jacobs, Bankruptcy Administrator
   Grady Carden, Esq.
   Terry L. Danford, Esq.
   Charles A. Armgardt, Esq.
   Carly B. Wilkins, Ch. 7 Trustee
   Susan DePaola, Ch. 7 Trustee
   Sabrina L. McKinney, Ch. 13 Trustee